960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Myrick LINSFORD, Petitioner-Appellant,
v.
J.J. CLARK, Respondent-Appellee.
 No. 91-6437.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 1
 Before MERRITT, Chief Judge; ALAN E. NORRIS, Circuit Judge, and CONTIE Senior Circuit Judge.
 
 ORDER
 
 2
 Myrick Linsford, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On March 2, 1989, prison officials searched Linsford's cell and found two containers of marijuana. An incident report was issued the following day charging Linsford with illegal possession of marijuana. A unit discipline committee hearing was held on March 9, 1989; a discipline hearing officer held a second hearing on March 20, 1989. The hearing officer found Linsford guilty and imposed a fifteen day sanction. The United States Parole Commission subsequently extended Linsford's release date from April 6, 1999, to August 6, 1999.
 
 
 4
 Linsford's administrative appeal was denied on procedural grounds. He then filed a petition for a writ of habeas corpus which was dismissed for failure to exhaust administrative remedies. In its dismissal, the district court ordered the Bureau of Prisons to grant Linsford a new hearing. A second hearing was conducted on January 25, 1991. Linsford was again convicted. He subsequently filed a second petition for habeas relief contending federal officials violated his due process rights by denying him the right to call or cross-examine witnesses, by denying him access to exculpatory evidence, by not conducting a disciplinary committee hearing within three days, and by relying on evidence provided by a confidential informant. Linsford also argued that there was insufficient evidence to sustain his conviction. The district court denied the petition. Linsford filed this timely appeal raising only the sufficiency of the evidence issue. Linsford requests leave to proceed in forma pauperis and the appointment of counsel.
 
 
 5
 On appeal, Linsford has abandoned all claims except the sufficiency of the evidence issue. Issues raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Hence, only the insufficiency of evidence issue is reviewable.
 
 
 6
 We conclude that the district court properly dismissed Linsford's habeas corpus petition. Linsford's argument is an attempt to avoid the restrictions on judicial review enunciated in Superintendent v. Hill, 472 U.S. 445, 456-57 (1985). Our review of the hearing officer's decision is limited to whether his findings are supported by "some evidence." Id. The fact that drugs were found on Linsford's bunk constitutes "some evidence" to support Linsford's drug conviction.
 
 
 7
 Accordingly, we grant Linsford in forma pauperis status for the purposes of this appeal only, deny the appointment of counsel, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.